# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| In re:<br><br>DANIEL JAY HELMES and<br>JOI HELMES,<br><br>　　　　Debtors. | Case No.  01-81277-RGM<br>(Chapter 7) |
| JOI HELMES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>WACHOVIA BANK, NATIONAL ASSOCIATION,<br><br>　　　　Defendant. | Adv. Proc. No. 05-1178 |

## MEMORANDUM OPINION

THIS CASE is before the court on the Wachovia Bank's motion to dismiss or in the alternative for summary judgment and the debtors' opposition thereto.

### Standard for Motion to Dismiss

The Court of Appeals recently reiterated the standard applicable for motions to dismiss. It said that a court

> may dismiss a complaint for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In assessing a Rule 12(b)(6) issue, we accept as true the factual allegations of the challenged complaint, see *Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990), and we view those allegations in the light most favorable to the plaintiff, *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

*Lambeth v. Board of Commissioners,* 407 F.3d 266, 268 (4th Cir. 1005).

**Complaint**

The debtor alleges that she filed a voluntary petition in bankruptcy under chapter 7 of the United States Bankruptcy Code in this court on October 4, 2001, and was granted a discharge on January 17, 2002; that she properly scheduled Wachovia Bank; and that the Notice of Meeting of Creditors and Notice of Discharge were mailed to Wachovia Bank at its proper address.  In 2004, the debtor obtained a copy of her Equifax credit report.  The report showed that Wachovia Bank, acting under the name Wachovia Bank, Vabl, reported the debt to Equifax as "Over 120 days Past Due" and with a past due balance as of April, 2002, of $11,714.00.  In fact, the debt had been discharged in the debtor's bankruptcy.

The debtor alleges that Wachovia sends collection letters to delinquent customers which include a threat of placing a "past due" or "charge off" in the customer's credit files and that these threats are intended to collect debts due to the bank.  She also alleges that Wachovia trains its telephone debt collectors to use the threat of placing a "past due" or "charge off" in the customer's credit file as a part of its effort to collect debts.  In fact, she alleges, Wachovia collects payments on many of its debts as a result of this threat.

The debtor alleges that the industry standard protocol, METRO 2, directs that accounts discharged in bankruptcy be reported as "included in bankruptcy" with no balance due.  She asserts that when Wachovia places this notation in a customer's credit file, it announces to the world that it renounces any intention to collect the debt.  She further asserts that by reporting the discharged debt as past due as of April, 2002, Wachovia "made an affirmative representation to the credit industry that the debt remained due, owing and legally collectable, despite the discharged bankruptcy", and that Wachovia intended this representation as an act to collect the discharged debt.

The debtor further alleges that Wachovia regularly reports unpaid accounts to credit bureaus; is aware that the balances it reports influences the conduct of other lenders; wants to influence the conduct of other lenders "in ways that increases the chances that its accounts will be paid"; and reports a balance due on accounts with the intention of collecting those debts.

## Discussion

Wachovia asserts that the debtor's complaint fails to state a claim upon which relief may be granted because elements necessary to establish a violation of §524 of the Bankruptcy Code have not been alleged, that its reports to the credit bureau were truthful, and in any event, it did not intend to violate the discharge stay.

The debtor's complaint properly states a cause of action asserting a violation of the discharge stay in §524. The debtor alleges that Wachovia devised a scheme by which it intends to collect discharged debts. That scheme is to report discharged debts to credit bureaus with the notation that they are "past due" together with the balance when, in fact, they are discharged in bankruptcy. The debtor asserts the proper report to the credit agency is "included in bankruptcy" with a zero balance. The debtor alleges that there is a significant difference between these two notations, the first asserting that a debt is due, that it is past due and that the creditor is legally capable of pursuing the debt. "Included in bankruptcy", on the other hand, is a notation that advises the credit industry that the debt has been discharged in bankruptcy and is no longer collectible. The debtor alleges that there is a pattern and a practice on the part of Wachovia to misrepresent the nature of the debtor's obligation to the bank which is intended to coerce payment from the debtor

of the discharged debt. These allegations are sufficient to allege a violation of §524 despite Wachovia's denial of those allegations.[1]

Similarly, Wachovia's assertion that any violation is not willful and was simply an error does not defeat the cause of action. It merely raises a factual question to be resolved at trial.

Wachovia relies heavily on Judge Stone's opinion in *Kreeger v. U.S. Bank (In re Kreeger),* Adversary Proceeding 7-00-00155-WSA, (Bankr. W.D.Va, September 5, 2001). The bank's reliance is misplaced. The facts are clearly distinguishable. In *Kreeger*, the Kreegers sought to retain their home by making post-petition payments without reaffirming the debt, but fell behind in those payments. The court found that the creditor made a truthful statement to a credit bureau when it reported the post-discharge status of a discharged secured debt that remained secured post-discharged. In this case, the debt is an unsecured debt. The debtor asserts that the statement was false and that the statement is part of a scheme to coerce debtors to pay discharged debts. *Kreeger* is simply not applicable to the facts of this case.

*Kreeger* also addresses the issue of defamation. The debtor does not raise such a claim in this case.

---

[1] Wachovia could support its denials with an affidavit which would have to be met by an affidavit by or on behalf of the debtor. No affidavits were submitted and the motion is properly dealt with under F.R.Bankr.P. 7012(b) which incorporates F.R.Civ.P. 12(b)(6), rather than as a motion for summary judgment. In its present posture, all well-pled facts are accepted as true.

### **Conclusion**

The complaint states a cause of action upon which relief may be granted and the motion to dismiss will be denied.

Alexandria, Virginia
June 8, 2005

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Robert R. Weed
Dwayne L. Garrett

12211